DECISION AND JUDGMENT ENTRY
Steven L. Story appeals his conviction for contempt in the Meigs County Court of Common Pleas.
Appellant is an attorney in Meigs County, Ohio, who as part of his practice is employed as an independent contractor by the Ohio Public Defender's Office to represent indigent criminal defendants in Meigs County. On June 27, 2000, the Meigs County Court of Common Pleas appointed appellant to represent Charles Ewing (Ewing) at his sentencing hearing following his guilty plea and convictions for complicity to commit burglary and complicity to commit theft. On June 28, 2000, appellant moved the court to withdraw as counsel based on an ethical conflict of interest in that he had previously represented Ewing's co-defendant at his sentencing hearing and motion for judicial release. The record also indicates that Ewing had retained another attorney to represent him, and that individual was already attorney of record when the trial court appointed appellant as his counsel. The record shows that retained counsel had failed to appear at previously scheduled hearings.
On July 3, 2000 the court filed an entry indicating that it appointed appellant "to represent Ewing only in the event that counsel of record fails to appear in further proceedings * * * ," and that it would hold a hearing on appellant's motion to withdraw, as well as sentencing of the defendant, Ewing, on July 5, 2000. Appellant claims that he never received a copy of the July 3, 2000 order. In an affidavit attached to appellant's previous motion, Marlene Harrison, Meigs County Clerk of Courts, averred that a copy of the July 3, 2000 order had never been sent to appellant, although a copy had been placed in appellant's folder at the clerk's office near the close of business hours that same day.
Neither appellant nor his retained attorney appeared for the hearing on July 5, 2000. The record indicates that the trial court's assistant called appellant's office on two occasions but was told by appellant's secretary that he was on another line and that he would return their call when he was finished. Unable to proceed with the hearing, the trial court ordered Sheriff's deputies to go to appellant's law office, arrest him, and bring him before the court.
Appellant was arrested and brought before the court less than an hour after the trial court ordered deputies to do so. The court conducted a hearing immediately on appellant's motion to withdraw, as well as the contempt charge. Appellant was permitted to withdraw from representing Ewing; however, he was convicted of contempt and sentenced to 3 days in jail or a $250.00 fine. The court granted the appellant's request for a stay of execution upon the posting of a cash bond.[1]
On August 3, 2000, appellant filed a motion for reconsideration and/or a new trial. This motion is still pending. On August 4, 2000, appellant filed a notice of appeal of the trial court's July 5, 2000 entry. Appellant raises four assignments of error:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT IN FINDING HIM IN CRIMINAL CONTEMPT WITHOUT FILING THE CHARGES IN WRITING AND GIVING THE APPELLANT AN OPPORTUNITY TO BE HEARD BY HIMSELF OR THROUGH COUNSEL IN VIOLATION OF THE CONTEMPT STATUTE AND DUE PROCESS.
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT IN FINDING HIM IN CONTEMPT FOR FAILING TO ATTEND THE SENTENCING HEARING AND HEARING ON THE MOTION TO WITHDRAW AS ORDERED IN THE ENTRY OF JULY 3, 2000.
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT IN FINDING HIM IN CONTEMPT WHEN THERE WAS A LACK OF PROOF BEYOND A REASONABLE DOUBT THE APPELLANT'S FAILURE TO ATTEND THE HEARING WAS AN INTENTIONAL ACT.
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT IN FAILING TO ADVISE HIM OF HIS RIGHT TO COUNSEL AND TO ALLOW HIM TO HAVE COUNSEL DEFEND HIM AT A HEARING ON CONTEMPT.
Initially, we must determine if we have jurisdiction to decide this appeal. We have previously ruled that we do not have jurisdiction to review an appeal from a criminal conviction when there is a motion for a new trial still pending before the trial court. State v. Poe (Nov. 5, 1999), Jackson App. No. 99CA843, unreported; State v. Hurst (May 3, 1999), Hocking App. No. 98CA17, unreported; State v. Rhodes (Aug. 19, 1996), Pike App. No. 95CA562, unreported; and State v. Metz (Nov. 20, 1995), Washington App. No. 93CA18, unreported. Under App.R. 4(B)(3), if a criminal defendant files a motion for new trial in accordance with Crim.R. 33, the time for filing notice of appeal begins to run when the order denying the motion is entered. Thus, a notice of appeal is premature in a criminal case when a motion for a new trial is still pending. Id.
Accordingly, we lack jurisdiction to consider this appeal. Upon remand, when the trial court journalizes an entry disposing of the Crim.R. 33 motion, the parties may seek reinstatement of this appeal and request resolution of this matter on the briefs previously submitted.
Appeal dismissed and the matter is remanded to the trial court.
APPEAL DISMISSED AND MATTER REMANDED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED AND THE MATTER REMANDED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment and Opinion
 _____________________________ William H. Harsha, Judge
[1] ORC 2937.22 provides that a bond may be posted in the form of cash, surety or property. We have held that a court may not restrict the form of bond beyond that provided by the statute. See State v. Cooper
(May 28, 1997), Meigs App. No. 96CA028, unreported.